

FILED

06 MAY 31 PM 1:58

U.S. DISTRICT COURT
N. DIST. OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br><br>CHUCK BROWN BAIL BONDS, INC.,<br><br><br>    Defendant. | CIVIL ACTION NO.<br>**1:06CV1335**<br>**JUDGE DOWD**<br><br>COMPLAINT AND<br>JURY TRIAL DEMAND<br><br><br>MAG. JUDGE LIMBERT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices that discriminate on the basis of sex, (female) pregnancy, and to provide appropriate relief to Tyisha Pippens who was adversely affected by such

1

practices. As articulated with greater particularity in Paragraph 7 below, the Commission alleges that Ms Pippens was employed by the Defendant, Chuck Brown Bail Bonds, Inc. On or about February 15, 2005 she was laid off by the Defendant because she was pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Chuck Brown Bail Bonds, Inc. (the "Employer") has continuously been an Ohio corporation doing business in the State of Ohio and City of Shaker Heights and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to institution of this lawsuit, Tyisha Pippens filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit have been fulfilled.

7. Since at least on or about mid February of 2005, Defendant Employer engaged in unlawful employment practices in Shaker Heights, Ohio, in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

>   a) Defendant Employer hired Ms. Pippens in May of 2004 as a Collections Manager. Ms. Pippens performed her duties as a Collections Manager without complaint.
>
>   b) In July of 2004 Ms. Pippens learned she was pregnant. Shortly after becoming pregnant, Ms Pippens was hospitalized for one week due to pregnancy related medical issues.
>
>   c) On February 14, 2005 Ms. Pippens had a pregnancy related doctor's visit. After this visit her doctor gave her a notice indicating that she could return to work the next day on February 15, 2005. This notice was telefaxed to Defendant's offices.

d) Also on February 14, 2005, Ms. Pippens telephoned Defendant to inform the Defendant of her return to work the next day. In this telephone call, Ms. Pippens was told that she was being laid off due to her pregnancy. She was told to "come back after you have the baby."

e) Defendant gave Ms. Pippens a written notice that she was being laid off "because of your current health status you are no longer able to perform your duties in collections."

8. The effect of the practice(s) complained of above has been to deprive Tyisha Pippens of equal employment opportunities and to otherwise adversely affect her status as an employee due to impermissible considerations of her sex, female and condition of pregnancy.

9. The unlawful practices complained of above were intentional.

10. The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Tyisha Pippens.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which discriminate on the basis of sex, female and condition of pregnancy.

4

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of sex and/or pregnant condition and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Tyisha Pippens, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Tyisha Pippens, by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

E. Order Defendant Employer to make whole Tyisha Pippens by providing compensation for non-pecuniary losses in amounts to be proven at trial.

F. Grant an Order assessing punitive damages against Defendant Employer for its malicious and reckless conduct described herein above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        JAMES L. LEE
        DEPUTY GENERAL COUNSEL

        GWENDOLYN YOUNG REAMS
        ASSOCIATE GENERAL COUNSEL
        Washington, D.C.

*Jacqueline McNair /s/lw*

Jacqueline McNair
Regional Attorney
Philadelphia District Office
Philadelphia, PA 19106

*C. Larry Watson*

C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

*Donna Williams-Alexander*

Donna Williams-Alexander
Senior Trial Attorney
Registration No. 0037838
donna.williams.alexander@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Office Building
1240 East Ninth Street    Suite 3001
Cleveland, Ohio  44199
(216) 522-7454
(216) 522-7430 fax